Timothy E. Moran, Esq. Village Attorney Village of Attica P. O. Box 268 Attica, N Y 14011
Dear Mr. Moran:
You have informed us that the Village of Attica plans to negotiate with Wyoming County to have the Sheriff's Department provide law enforcement services by contract to the Village. If the contract is agreed to, the Village will disband its Police Department. The Mayor of the Village is employed full time as a Technical Sheriff in the County Sheriff's Department. As a member of the Village Board, you inquire whether the Mayor has a conflict of interests in negotiating or voting on a proposed contract with the County for the provision of law enforcement services by the Sheriff's Department to the Village.
In our view, the Mayor should abstain from participating in negotiations and voting on the proposed contract. As a member of the Board of Trustees of the Village and a full-time employee of the Sheriff's Department, the Mayor has an actual or perceived conflict of interests. Decisional law and opinions of this office have recognized the pressures that are placed on employees in situations of this nature. Taxpayers' Association v. TownBoard, 69 A.D.2d 320 (2d Dept 1979); Op Atty Gen (Inf) No. 86-54. The proposed contract would provide additional responsibilities, funds and resources to the Sheriff's Department. Also, the additional funds could affect the terms and conditions of employment of the Technical Sheriff and his colleagues in the Sheriff's Department. On the other hand, the Mayor's responsibility as a member of the Village Board of Trustees is to represent the interests of Village taxpayers. In this role, his responsibility is to obtain effective law enforcement services at a reasonable cost. Also, he must weigh impartially whether to continue the Village Police Department or contract for the Sheriff's services. These interests conflict or at least create an appearance of divided loyalties interfering with the ability of the Mayor to take action solely in the interests of Village residents and taxpayers. In opinions of the Attorney General, we have emphasized that even the appearance of impropriety must be avoided in order to maintain public confidence in government. Op Atty Gen (Inf) No. 97-5. In our view, the Mayor should recuse himself from participating in the negotiation and voting on the proposed contract.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions